UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TODD McDONALD,

      Petitioner,

v.                                                     Civil Action No. 4:22-CV-836-P

FREDDY GARRIDO, Warden
FMC-Fort Worth,

      Respondent.

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner Todd McDonald ("McDonald"), a federal prisoner confined at FMC-Fort Worth in Fort Worth, Texas. Pet. 1,9, ECF No. 1. The Respondent filed a response with appendix. ECF Nos. 6 and 7. After review of the § 2241 petition, response with appendix, reply and applicable law, the Court concludes that the § 2241 petition must be **DISMISSED** for lack of jurisdiction.

## I.     BACKGROUND

On April 5, 2017, McDonald was charged in a five-count Indictment issued by a Federal Grand Jury for the United States District Court for the Western District of Arkansas in case number 6:17-CR-60014-001. App. (Indictment) 1-5, ECF No. 7. Counts One and Two charged McDonald with online enticement of a minor in violation of 18 U.S.C. § 2422(b) *Id.* at 3. Count Three charged McDonald with knowingly receiving child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b). *Id.* at 4. Count Four charged McDonald with knowingly possessing a computer containing images of child pornography in violation of 18 U.S.C. §§ 2552A(a)(5)(B) and (b)(2). *Id.* Count Five charged McDonald with possession of ammunition as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.*

On October 10, 2017, McDonald pleaded guilty to Counts One and Five of the Indictment. App. (Plea Agreement) 8-22, ECF No. 7. On November 7, 2018,

McDonald was sentenced to a total sentence of 210-months on Count One and 120 months on County Two, with the sentences to run concurrently. (Minute Order) 23, ECF No. 7. Thereafter, McDonald filed an appeal and two prior motions seeking relief under 28 U.S.C. § 2255, all of which were denied. App. (Court of Appeals Mandate, Order Resolving § 2255 Motions) 25-31, ECF No. 7.

## II.    LEGAL STANDARD

A writ of habeas corpus under 28 U.S.C. § 2241 and a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 "are distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). A § 2255 motion is the proper means of attacking errors that occurred at or before sentencing. *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). By contrast, a § 2241 petition is a means of attacking the manner in which a sentence is executed (e.g., for attacking how the Federal Bureau of Prisons calculates a release date when taking into account things like presentence time in custody). *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 petition that challenges the validity of a federal conviction and sentence, therefore, generally must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452.

Notwithstanding this general rule, the savings clause of § 2255(e) permits the filing of a § 2241 petition to challenge the validity of a sentence in certain limited circumstances. That portion of § 2255 provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Hence, the Court may consider a § 2241 petition attacking a sentence's validity only if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective." *See Tolliver*, 211 F.3d at 878; *see also Pack*, 218 F.3d at 452 (explaining that the petitioner has the burden to show that the § 2255 remedy is inadequate or ineffective so as to trigger the savings clause).

The bar against filing successive § 2255 motions does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. *Tolliver*,

211 F.3d at 878. Nor does the fact that a petitioner who never filed a first § 2255 motion may now be barred from doing so by the one-year statute of limitations. *See See Loredo v. Joslin*, No. 3:04-CV-2070-N, 2004 WL 2208124, at *1 (N.D. Tex. Oct. 1, 2004), *rep and rec. adopted*, 2004 WL 2600502 (N.D. Tex. Nov. 12, 2004) (citing *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000)). Instead, the Fifth Circuit has held that the savings clause of § 2255(e) applies to a claim only if:

> (1) the [§ 2241] petition raises a claim "that is based on a retroactively applicable Supreme Court decision";
>
> (2) the claim was previously "foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion"; and
>
> (3) that retroactively applicable decision establishes that "the petitioner may have been convicted of a nonexistent offense."

*Santillana v. Upton*, 846 F.3d 779, 782 (5th Cir. 2017) (quoting *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 895 (5th Cir. 2001)).

When a petitioner cannot satisfy the savings clause, the proper disposition is dismissal of the § 2241 petition for lack of jurisdiction. *See Lang v. Wilson*, No. 4:16-CV-1018-O, 2018 WL 684890, at *3 (N.D. Tex. Feb. 1, 2018) (citing *Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. 2003)).

III.    ANALYSIS

In this case, McDonalds's attempt to proceed under § 2241 fails at the threshold because McDonald does not rely on any "retroactively applicable Supreme Court decision" to establish his alleged entitlement to relief. *See Santillana*, 846 F.3d at 782. McDonald argues that he may proceed under the savings clause because *Rehaif v. United States*, 139 S. Ct. 2191 (2019), announced a new rule of statutory law that he suggests applies retroactively. Pet. 6, 8, ECF No. 1.

In *Rehaif*, the petitioner was an alien who entered the country on a non-immigrant student visa to attend college but was dismissed for poor grades. *Rehaif*, 139 S. Ct. at 2194. The university told the petitioner that his "immigration

status" would be terminated unless he transferred to a different university or left the country. *Id.* The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the government prosecuted him for possessing firearms as an alien unlawfully present in the United States under § 922(g) and § 924(a)(2). *Id.* After being convicted, the United States Supreme Court ultimately granted *certiorari* and held that, in a prosecution under § 922(g), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm. *Id.* at 2195.

Although the Supreme Court and the Fifth Circuit have not addressed whether *Rehaif* applies retroactively in § 2255 or § 2241 cases on collateral review, the Eleventh Circuit and numerous district courts within the Fifth Circuit have determined that *Rehaif* is not retroactively applicable. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (holding that *Rehaif* was not made retroactive to cases on collateral review); *Malachowski v. Rivers*, No.3:22-CV-1156-C (BT), 2023 WL 3604731, at *2 (N.D. Tex. Apr. 24, 2023), *rep. and rec. adopted*, 2023 WL 3609166 (N.D. Tex. May 23, 2023) ("Malachowski's attempt to satisfy the savings clause with the Supreme Court's decision in *Rehaif* fails because he has not shown he is relying on a 'retroactively applicable Supreme Court decision.' *Reyes-Requena*, 243 F.3d at 904. *Rehaif* is not retroactively applicable on collateral review." ); *Helm v. United States*, 2:19-CV-00306, 2020 WL 4480868, at *3 (S.D. Tex. June 30, 2020), *rep. and rec. adopted*, 2020 WL 4470399 (S.D. Tex. Aug. 4, 2020) (holding that *Rehaif* does not apply retroactively to satisfy the savings clause); *Robbins v. Warden, FCI Beaumont*, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019) (Petitioner cannot meet requirements of *Reyes-Requena* through *Rehaif*); *cf Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021) (choosing to not address whether petitioner Abram satisfied his burden to show the first two savings clause factors because [he] failed to carry his burden on the third factor). Because *Rehaif* is not retroactively applicable to cases on collateral review, McDonald cannot meet the first requirement of the savings clause. Accordingly, he cannot proceed under § 2241.

Moreover, even if *Rehaif* applied retroactively, McDonald's claims would still fail to meet the remaining prongs of the Fifth Circuit's savings clause test.

McDonald also fails to show actual innocence. To the contrary, *Rehaif* does not establish that McDonald was actually innocent, and it did not decriminalize the conduct for which he was convicted. Instead, it merely addressed the Government's burden of proof. *See Williams v. Underwood*, 3:19-CV-2043-M (BT), 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020), *rep. and rec. adopted*, 2020 WL 1862576 (N.D. Tex. Apr. 14, 2020).

Specifically, *Rehaif* requires some showing that a defendant possessed a firearm while being actually aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Rehaif*, 139 S. Ct. at 2195-96. Federal courts have interpreted the Supreme Court's holding in this manner and have "squarely rejected the notion that *Rehaif* requires that a defendant know that he was prohibited from possessing a firearm as a result of that status." *See Walker v. Quintana*, 5:19-CV-321, 2019 WL 6310722, at *2 (E.D. Ky. Nov. 25, 2019) (citing *United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019); *see also Gray v. United States*, 3:19-CV-607, 2020 WL 127646, at *3 (M.D. Tenn. Jan. 10, 2020)) ("While *Rehaif* was in a situation where a reasonable person could be confused about his immigration status, Gray can make no such argument about the status of his prior felony conviction.").

Here, McDonald does not allege any plausible facts suggesting that he did not know of his status as a felon, as would be required to arguably make a showing that he was similarly situated to the *Rehaif* defendant, who allegedly did not know his precise "immigration status" at the time he possessed a firearm at a firing range. As the Fifth Circuit has noted:

> Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew. So it is hard to imagine how their conviction or guilty plea was prejudiced by any error under *Rehaif*. As Justice Alito put it: "Juries will rarely doubt that a defendant convicted of a felony has forgotten that experience, and therefore requiring the prosecution to prove that the defendant knew that he had a prior felony conviction will do little for defendants."

*United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020) (quoting *Rehaif*, 139 S. Ct. at 2209 (Alito, J., dissenting)).

5

IV.     **CONCLUSION and ORDER**

Because McDonald's claim is not based upon a Supreme Court decision that is retroactively applicable and that establishes that he may have been convicted to a nonexistent offense, he has not met his burden under 28 U.S.C. § 2255(e) to show that a § 2255 remedy is inadequate or ineffective. Consequently, the Court lacks jurisdiction to entertain his claims through a petition under 28 U.S.C. § 2241, and the § 2241 petition must be dismissed for lack of jurisdiction.

It is therefore **ORDERED** that Todd McDonald's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **8th day** of **June, 2023.**

**MARK T. PITTMAN**
**UNITED STATES DISTRICT JUDGE**